
**CT Corporation**

**Service of Process Transmittal**
07/28/2010
CT Log Number 517019869

**TO:** Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A6
Northbrook, IL 60062-6127

**RE:** **Process Served in Tennessee**

**FOR:** ALLSTATE INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas Stout, Pltf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return Form, Complaint, Exhibits |
| **COURT/AGENCY:** | Shelby County Chancery Court, TN<br>Case # CH101281 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damages and loss due to a fire on 12/18/2009 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/28/2010 postmarked on 07/26/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Krista Holder-Williams<br>100 North Main Street<br>Suite 3300<br>Memphis, TN 38103<br>901-521-1455 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 07/21/2010, and received by CT Corporation on 07/28/2010. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/28/2010, Expected Purge Date: 08/02/2010<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Hattie Booth HBOOTH@ALLSTATE.COM<br>Email Notification, Bill Boodro wboodro@allstate.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Anthony Romano |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

July 23, 2010

Allstate Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 19232

Certified Mail
Return Receipt Requested
7009 2820 0003 2648 1583
Cashier # 4397

Re:   Thomas Stout   V.   Allstate Insurance Company

Docket # CH-10-1281

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 21, 2010, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn  38103

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT AT<br>MEMPHIS | SUMMONS | DOCKET NUMBER<br>CH- 10-1281 |
|---|---|---|
| **Plaintiff**<br>Thomas Stwt | **Defendant**<br>Allstate Insurance | |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

TN Commissioner of Insurance
500 James Robertson Parkway
Nashville TN 37243-1131
Allstate Insurance

**Method of Service:**
- ☐ Certified Mail
- ☐ Shelby County Sheriff
- ☑ Comm. Of Insurance*
- ☐ Secretary of State*
- ☐ Out of County Sheriff*
- ☐ Private Process Server
- ☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Krista Holder-Williams<br>100 N Main St<br>Suite 3300<br>Memphis TN 38103<br>901 521 1455 | ISSUED 14 of July, 20 10<br><br>Dewun R. Settle, Clerk and Master<br>By: _____<br>Deputy Clerk & Master |
|---|---|
| **TO THE SHERIFF:** | **Came to hand**<br><br>____ day of _____, 20 ____<br><br>**Sheriff** |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

&For ADA assistance only, call (901) 379-7895

09/18/07

| RETURN ON SERVICE OF SUMMONS | |
|---|---|
| I hereby return this summons as follows: (Name of Party Served) _____ | |
| ☐ Served _____<br>☐ Not Served _____ | ☐ Not Found _____<br>☐ Other _____ |
| DATE OF RETURN: This ____ day of _____,<br>20 ____. | By:<br>_____<br>Sheriff/or other authorized person to serve process |

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return that on the _____ day of _____, 20____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the ____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this ____ day of _____, 20___.<br>Signature of ____ Notary Public or ____ Deputy Court Clerk<br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S):
  Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

  Mail list to: Clerk & Master
                140 Adams Ave.
                Room 308
                Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

**CERTIFICATION (IF APPLICABLE)**

I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

Dewun R. Settle, Clerk & Master
By:_____
                              D.C. & M.

09/18/07

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

[FILED STAMP: SHELBY COUNTY CHANCERY COURT, JUL 2010, DEWUN R. SETTLE, C & M, TIME:___ BY:___]

**THOMAS STOUT**
Plaintiff,

Vs.

NO. CH-10-1281-
PART I

**ALLSTATE INSURANCE COMPANY**
Defendant.

---

COMPLAINT  *Bad faith & Breach of contract*

---

To the Chancellors of the Chancery Court for the Thirtieth Judicial District:

Comes now the Plaintiff, Thomas Stout, and sues the Defendant, Allstate Insurance Company, and for cause of action respectfully shows to the court:

### JURISDICTION AND VENUE

I.

Plaintiff, Thomas Stout, is a resident citizen of Memphis, Shelby County, Tennessee, who currently resides at 5011 Ridge Tree Drive, Memphis, TN 38128.

II.

That Defendant, Allstate Insurance Company, is and has been at all times relevant to this action a licensed insurance company doing business in Tennessee subject to service of process through the Commissioner of Insurance and Commerce at 500 James Robertson Parkway, Nashville, Tennessee, 37243-1131. To the best of Plaintiff's information and belief, Allstate Insurance Company is an Illinois corporation, domiciled in Illinois, with business headquarters located in Northbrook Illinois, 60062.

## **FACTS**

### III.

That Plaintiff owned certain real property and dwelling house located at 1659 North Hollywood, Memphis, TN 38108, and Plaintiff continues to own said property.

### IV.

That the Plaintiff owned personal property on December 18, 2009, worth in excess of Five Thousand Dollars ($5,000.00) located in said house, and Plaintiff continued to own said personal property until the destruction of said house and personal property by fire, as hereinafter shown.

### V.

That the Defendant, in consideration of monies paid by Plaintiff, issued and delivered to the Plaintiff, Thomas Stout, a policy of insurance upon said house, being number 9 35 003959 (hereinafter referred to as the "insurance policy"), which insured the house and personal property therein against the loss of damage caused by fire for a period of one year from April 11, 2009.

### VI.

That said Allstate policy number 9 35 003959 insured the house and personal property therein against the loss or damage caused by fire in the following amounts: One Hundred One Thousand One Hundred Sixteen Dollars and 00/100 ($100,116.00) under Dwelling Protection; Ten Thousand Twelve Dollars and 00/100 ($10,012.00) under Other Structures; Five Thousand Six Dollars and 00/100 ($5,006.00) under Personal Property; Fair rental income under Fair Rental Income Protection (Defendant's loss was four months rent at $1360.00 per month).

Further coverage is provided under the various provisions and options of said policy, which are more fully and specifically described by the policy itself.

VII.

That after the delivery of said policy, and before the expiration thereof, on or about December 18, 2009, the dwelling located at 1659 North Hollywood, Memphis, Tennessee 38108, and the personal property contained therein, burned and totally destroyed.

VIII.

That following the fire the Plaintiff forthwith gave notice to Defendant, filed a claim for the proceeds of said homeowner's insurance policy, submitted the proofs required of them by said insurance policy, and in all particulars complied with the contract.

IX.

On April 16, 2010, Plaintiff was sent a letter denying his claim for damages and retroactively terminating the Plaintiff's homeowner's policy. A copy of the letter is attached hereto as Exhibit A.

## BREACH OF CONTRACT

X.

Plaintiff hereby reiterates and incorporates by reference the facts as set forth in paragraphs III-IX as the basis for this cause of action.

XI.

That the aforementioned insurance policy formed a legal and binding agreement between the Plaintiffs and the Defendant, which obligated Defendant to pay Plaintiffs for loss or damage caused by fire, including, but not limited to, the following amounts, pursuant to the terms of said

"Bad-faith failure to pay promptly. The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss" (T.C.A. 56-7-105[a]).

XVI.

That Defendant has failed and refused to pay the loss within sixty (60) days of said demand by denying Plaintiff's claim for loss and Defendant's denial of the claim is not in good faith.

XVII.

That Defendant's failure to pay the Plaintiff has inflicted expense, loss, and injury upon the Plaintiff, and, accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to T.C.A. §56-7-105.

XVIII.

That Defendant has asserted no factual basis for the denial of Plaintiff's claim after request for the same was made by Plaintiff's counsel. Please see the correspondence from attorney for the Defendant attached hereto as Exhibit B.

**TENNESSEE CONSUMER PROTECTION ACT**

XIX.

Plaintiff hereby reiterates and incorporates by reference the facts as set forth in paragraphs III-IX as the basis for this cause of action.

XX.

That Tennessee's Consumer Protection Act, as set forth in T.C.A. 47-18-101 et seq., applies to claims handling procedures in insurance disputes.

XXI.

That Defendant's conduct in handling the Plaintiff's policy and claim was unfair and deceptive in that Defendant held out in its policy that when premiums are paid in a timely manner, claims would be paid; Defendant then failed and refused to fully pay Plaintiff as obligated under the terms of the policy, which clearly shows intent not to honor the terms of Plaintiff's policy.

XXII.

That Defendant's said unfair and deceptive conduct is in violation of the Tennessee Consumer Protection Act as set forth in T.C.A. 47-18-101 et seq.

XXIII.

That Defendant's deceptive practices have inflicted expense, loss, and injury upon the Plaintiff in that Plaintiff has suffered the loss of his real and personal property without full compensation, as well as fair rental value for said real property, and has incurred additional expenses as a result of Defendant's deceptive practices.

XXIV.

That Plaintiff is entitled to treble damages for Defendant's deceptive and unfair practices, pursuant to T.C.A. §47-18-109.

XXV.

That Plaintiff is entitled to reasonable attorney fees and costs of this action pursuant to T.C.A. §47-18-109.

## **PRAYERS FOR RELIEF**

XXV.

The premises considered, Plaintiff respectfully prays:

1. That proper process issue to the State Commissioner of Insurance for the Defendant Allstate Insurance Company.

2. That Defendant, Allstate Insurance Company be determined to have breached its policy;

3. That Defendant be estopped to deny the full force and effect of said homeowner's insurance policy;

4. That Defendant be determined to have acted in bad faith in denying Plaintiff's claim;

5. That Defendant be determined to have acted in an unfair and deceptive manner in violation of the Tennessee Consumer Protection Act as set forth in T.C.A. 47-18-101, et seq.;

6. That a judgment be entered for Plaintiff against the Defendant in the amount of One Hundred Twenty Thousand Five Hundred Seventy Four Dollars and 00/100 ($120,574.00), pursuant to their insurance policy limits as described in Paragraph VI, or other such amount as the Court should deem just, plus prejudgment interest, together with the costs of this cause;

7. That a judgment be entered for Plaintiffs against the Defendant for the amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to T.C.A. §56-7-105.

8. That a judgment be entered for Plaintiff against the Defendant for treble damages for the Defendant's unfair and deceptive actions, pursuant to T.C.A. §47-18-109.

9. That the Plaintiff be awarded reasonable attorney fees and costs.

10. That the Court order Defendant to pay to Plaintiff all additional amounts payable under the provisions of said insurance policy when they become due.

11. That the Plaintiff may have such further and other relief as he may be entitled to.

Respectfully Submitted,

_____
KRISTA HOLDER-WILLIAMS #28359
Attorney for Plaintiff
100 North Main Street
Suite 3300
Memphis, TN 38103
(901)521-1455

Certificate of Service

I, Krista Holder-Williams, hereby certify that a copy of the foregoing Complaint has been forwarded to David M Waldrop, attorney for Allstate Insurance via US mail at 9032 Stone Walk Place, Germantown, TN 38138 this _____ day of _____, 2010.

_____
Krista Holder-Williams

**Allstate**
You're in good hands.

Claims Capital-Nashville SIU-Nashville
555 MARRIOTT DRIVE
NASHVILLE TN 37214

THOMAS L STOUT
5011 RIDGE TREE DR
MEMPHIS TN 38128-5011

April 16, 2010

INSURED: THOMAS STOUT
DATE OF LOSS: December 18, 2009
CLAIM NUMBER: 0156534554 SSH

PHONE NUMBER: 800-829-0414
FAX NUMBER: 615-874-6804
OFFICE HOURS: Mon - Fri 8:00 am - 4:30 pm

Dear THOMAS L STOUT,

This is to advise you that Allstate Insurance Company must respectfully deny your claim for insurance proceeds resulting from a fire which occurred on or about December 8, 2010. It is Allstate's position the fire was incendiary in origin, an insured person procured or intentionally set fire to the premises, you committed material misrepresentations during your examinations under oath and failed to cooperate with Allstate's investigation. Therefore, Allstate hereby denies your claim.

Since an insured person procured or intentionally set fire to the premises, there is no coverage for this loss. Your policy specifically excludes "intentional or criminal acts of an insured person, if the loss that occurs:

a) may be reasonably expected to result from such acts; or

b) is the intended result of such acts."

It is further Allstate's opinion that you have committed material misrepresentations during your examinations under oath and therefore there is no coverage for this loss. Your policy specifically provides:

Concealment Or Fraud

We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

Due to your material misrepresentations made during the investigation of your claim, Allstate hereby exercises its right to cancel your policy. Your policy provides:

Cancellation

Our Right to Cancel:

Allstate may cancel this policy by mailing notice to you at the mailing address shown on the Policy Declarations...

When the policy has been in effect for 60 days or more, or if it is a renewal with us, we may cancel this policy for one or more of the following reasons:

...

0156534554 SSH

Exhibit A

3)     material misrepresentation, fraud or concealment of material facts in presenting a claim, or violation of any of the policy terms; ...

If the cancellation is for non-payment of premium, we will give you at least 10 days notice. If the cancellation is for any of the other reasons, we will give you at least 30 days notice.

Please accept this letter as your notice of cancellation. Your policy will cancel on May 22, 2010 at 12:01 a.m.

Allstate hereby reserves all other defenses to this claim.

Thank you for your attention to this matter.

Sincerely,

*SANDRA HENDRICK*

SANDRA HENDRICK
800-829-0414
Allstate Insurance Company

GEN1001             0156534554 SSH

# WALDROP, BARNETT, LAZAROV & NEARN, P.C.

ATTORNEYS AT LAW

DAVID M. WALDROP*  
C. J. (JEFF) BARNETT***

CORPORATE GARDENS  
9032 STONE WALK PLACE  
GERMANTOWN, TENNESSEE 38138-7824

CHRISTOPHER L. NEARN**  
CRAIG J. LAZAROV"

TELEPHONE: (901) 759-3489  
FACSIMILE: (901) 759-3479

*Also Licensed in Mississippi  
***Also Licensed in Texas

WRITER'S E-MAIL ADDRESS:  
davidw@wblnlaw.com

" Also Licensed in Arkansas  
**Rule 31 Listed General  
Civil Mediator

June 3, 2010

Krista Holder-Williams, Esq.  
Attorney at Law  
100 North Main Street  
Suite 3300  
Memphis, TN 38103

Re:  Insured:              Thomas & Hattie Stout  
     Allstate Claim No.:    0156534554  
     DOL:                   12/18/2009  
     Our File No.:          2.5154

Dear Ms. Holder-Williams:

I represent Allstate Insurance Company. This to advise that Allstate stands behind its denial letter sent to Thomas L. Stout. It is Allstate's position that the fire was incendiary and an insured person set or procured the setting of the fire.

Due to the threat of potential litigation, Allstate cannot comment any further on this matter.

Sincerely,

WALDROP, BARNETT, LAZAROV & NEARN, P.C.

David M. Waldrop

DMW:bg

cc:   Sandra Hendrick/Allstate

Exhibit R

STATE
DEPARTMENT OF
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7009 2820 0003 2648 1583

7009 2820 0003 2648 1583    07/23/2010
ALLSTATE INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710